IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JESSICA JACOBS, ) | FILED: JUNE 11, 2009 |
| ) | 09CV3548 |
| **Plaintiff,** ) | JUDGE SHADUR |
| ) | MAGISTRATE JUDGE KEYS |
| v. ) | CH |
| ) | |
| CREDITORS FINANCIAL GROUP, LLC, ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

NOW COMES the Plaintiff, JESSICA JACOBS, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, CREDITORS FINANCIAL GROUP, LLC, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. JESSICA JACOBS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Fox Lake, County of Lake, State of Illinois.

1

5. CREDITORS FINANCIAL GROUP, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant is registered as a limited liability company in the State of Massachusetts.

6. In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff to American Express.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## IV. ALLEGATIONS

9. On or about April 13, 2009, Plaintiff received a telephone call from Defendant, who stated that it was calling to collect a debt allegedly owed by Plaintiff to American Express.

10. The alleged debt of Plaintiff was incurred primarily for personal, family, or household services.

11. Subsequent to its initial telephone call to Plaintiff, Defendant has telephoned Plaintiff three (3) times in a single day, seven (7) times in a four (4) day period and fifteen (15) calls between April 13, 2009 and April 30, 2009.

12. On or about April 30, 2009, during the course of a telephone conversation between Plaintiff and Defendant, Plaintiff explained to Defendant that she was currently unemployed and presently unable to make any payments towards the debt she allegedly owed.

13. In response, Defendant started laughing at Plaintiff and Plaintiff disconnected the call.

14. Defendant immediately telephoned Plaintiff back and shouted at Plaintiff to stop playing games, to stop being a baby and to grow up. Plaintiff explained to Defendant that she was taking medication for anxiety and was extremely concerned about her unemployment and her inability to pay her bills. In response, Defendant started laughing at Plaintiff.

15. Plaintiff requested that Defendant stop calling her. Defendant stated that Plaintiff had to make such a request in writing but when asked to provide the address to which Plaintiff should send such a request, Defendant refused to provide said information.

16. In its attempts to collect the debt allegedly owed by Plaintiff to American Express, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

   a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   b. Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

   c. Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number in violation of 15 U.S.C. §1692d(5);

   d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

17. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V.    J<span>URY</span> D<span>EMAND</span>

18. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JESSICA JACOBS, by and through her attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**JESSICA JACOBS**

**By:**    s/ David M. Marco
          Attorney for Plaintiff

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028 (x812)
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us